**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREGORY WILSON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-4381** |
| | : | |
| **NORTHAMPTON COUNTY,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 7th day of December, 2022, upon consideration of Plaintiff Gregory Wilson's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and Complaint (ECF No. 2), it is **ORDERED** that:

1.    Leave to proceed *in forma pauperis* is **GRANTED**.

2.    Gregory Wilson, #0037663, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case.  The Court directs the Warden of the Northampton County Department of Corrections or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Wilson's inmate account; or (b) the average monthly balance in Wilson's inmate account for the six-month period immediately preceding the filing of this case.  The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case.  In each succeeding month when the amount in Wilson's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Wilson's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

3.      The Clerk of Court shall **SEND** a copy of this Order to the Warden of the

Northampton County Department of Corrections.

4.      The Complaint is **DEEMED** filed.

5.      The following Defendants are **DISMISSED WITH PREJUDICE**:  the

Bethlehem Police Department, the Northampton County District Attorney's Office, and the

Northampton County District Attorney.[1]

---

[1] Plaintiff Gregory Wilson, a pretrial detainee housed at the Northampton County
Department of Corrections, filed this Complaint pursuant to 42 U.S.C. § 1983 against
Northampton County, the Bethlehem Police Department, Officer McFadden, the Northampton
County District Attorney's Office, the Northampton County District Attorney, and the "2nd
Police Officer."  Because Wilson is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii)
requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails
to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions
to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184
F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint
contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on
its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

The Court must dismiss all claims Wilson asserts against the Bethlehem Police
Department.  Following the decision in *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694
(1978), courts concluded that a police department is a sub-unit of the local government and, as
such, is merely a vehicle through which the municipality fulfills its policing functions.  *See e.g.*,
*Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993).  Thus, while a
municipality may be liable under § 1983, a police department, as a mere sub-unit of the
municipality, may not.  *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir.
2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant
to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth
Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police
department as a single entity for purposes of section 1983 liability") (citing *Colburn v. Upper
Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir.1988)).  Therefore, the Bethlehem Police
Department is not a proper defendant in this case under Section 1983 and Wilson's claims
against it are dismissed.

The Court must also dismiss Wilson's claims against the Northampton County District
Attorney's Office.  The Third Circuit has held that district attorney's offices in Pennsylvania are
not entities subject to suit under § 1983.  *See Reitz v. Cty. of Bucks*, 125 F.3d 139, 148 (3d Cir.
1997) (holding that "the Bucks County District Attorney's Office is not an entity for purposes of
§ 1983 liability"); *see also Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007) (*per curiam*)
("[T]he Monmouth County Prosecutor's Office is not a separate entity that can be sued under §
1983.").  *But see Sourovelis v. City of Philadelphia*, 103 F. Supp. 3d 694, 711-12 (E.D. Pa. 2015)
(declining to follow *Reitz* because its "central holding" as to the Bucks County District
Attorney's Office was only that plaintiffs had failed to meet an evidentiary burden and the

6.      The Clerk of Court is directed to **TERMINATE** the Bethlehem Police Department, the Northampton County District Attorney's Office, and the Northampton County District Attorney as Defendants in this matter.

7.      Service shall be made upon any John Doe Defendants if and when Wilson provides sufficient identifying information to allow for service.

8.      The Clerk of Court shall issue summonses.  Service of the summonses and the Complaint shall be made upon the Defendants Northampton County, Officer McFadden, and the "2nd Police Officer" by the U.S. Marshals Service.  Wilson will be required to complete USM-285 forms so that the Marshals can serve the Defendants.  Failure to complete those forms may result in dismissal of this case.

9.      All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court.  Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*).  Service may be made by mail.  Proof that service has been made is provided by a certificate of service.  The

---

Court's statement at the end of the opinion, that "the Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability," was "arguably dicta").  Therefore, the Northampton County District Attorney's Office is not a proper defendant in this case under Section 1983 and Wilson's claims against it are dismissed.

 Finally, the Court must dismiss Wilson's claims against the Northampton County District Attorney.  Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Absolute immunity extends to the decision to initiate a prosecution, *Imbler*, 424 U.S. at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence.  *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020).  "The decision to initiate a prosecution is at the core of a prosecutor's judicial role."  *Kulwicki*, 969 F.2d at 1463.  Wilson's allegations concerning the Northampton County District Attorney involve the initiation and prosecution of criminal charges.  Therefore, absolute immunity applies and requires dismissal of all claims against this Defendant.

certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
>
> _____
>    (Signature)"

10.     Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules are to be followed. Wilson is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days. Failure to do so may result in dismissal.

11.     Wilson is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Wilson shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

12.     No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk of Court.

13.     In the event a summons is returned unexecuted, it is Wilson's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

14.     The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

**BY THE COURT:**


**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**